## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIN AND TIFFANY MCMAHON, H/W and SEAN MCMAHON<br><br>Plaintiffs<br><br>v.<br><br>ROCKWELL TACTICAL GROUP, LLC, THREAT ASSESSMENT AND TACTICAL SOLUTIONS GROUP, LLC, JAROD ROSS, BRANDON KEHR, CODY SAYLOR, PRIMAL DEFENSE TRAINING, LLC, NATHAN MURR, JOSHUA PRINCE, PRINCE LAW OFFICES, P.C., CIVIL RIGHTS DEFENSE FIRM, P.C., and TKD PROPERTIES, LLC<br><br>Defendants | **CIVIL ACTION**<br>**NO. 5:19-CV-05292-JFL** |

## DEFENDANT, NATHAN MURR'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Nathan Murr ("Answering Defendant"), by and through their counsel, Zarwin, Baum, DeVito, Kaplan, Schaer, and Toddy, P.C. files his Answer with Affirmative Defenses, and in support thereof, aver as follows:

1.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

2.      Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

3.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

4.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

5.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

6.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

7.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant was a paid instructor by Rockwell Tactical Group at all relevant times and at no relevant time was he acting on behalf of True North Concepts.  By way of further response, all averments of agency are specifically denied.

9.  (sic)Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant was not conducting any business or otherwise acting on behalf of Defendant, True North, at any relevant time.  By way of further response, all averments of agency are specifically denied.

10.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

11.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

12.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

13.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

14.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

15.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

## JURISDICTION AND VENUE

16.     Answering Defendant hereby incorporates paragraphs 1-15 of its Answer to Plaintiffs' Second Amended Complaint as if same were set forth at length.

17.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

18.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

19.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

20.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

## FACTUAL BACKGROUND

21.     Answering Defendant hereby incorporates paragraphs 1 – 20 of its Answer to Plaintiffs' Second Amended Complaint as if fully set forth at length herein.

22.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

23.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

24.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

25.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

26.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

27.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

28.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

29.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

30.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

31.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

32.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

33.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

34.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

35.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

36.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

37.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

38.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

39.     Admitted.

40.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

41.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

42.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

43.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

44.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

45.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

46.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

47.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

48.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

49.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

50.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

51.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof

thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

52.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

53.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

54.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, the allegations include legal conclusions to which no response is required.

55.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

56.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

57.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

58.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

59.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

60.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

61.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

62.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

63.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

64.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

65.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

66.     Denied.  The participants were subject to the triple safety check as set forth in the Rockwell written material and guidelines distributed to them at the initial safety orientation the day before the subject accident.  The remainder of the allegations in this averment are denied as stated and strict proof there of is demanded at the time of trial.

67.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

68.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

69.     Denied.  To the contrary, Answering Defendant conducted frisks and pat downs as required pursuant to the Rockwell safety guidelines.  Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

70.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

71.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

72.     Denied.  Answering Defendant never stated he would try to "squeeze" in as many scenarios as possible.  Answering Defendant allowed Plaintiffs Darin McMahon to be the first participant in the scenario after lunch to accommodate his schedule.  Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

73.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant never promoted his business at any point during the subject weekend.  Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

74.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant conducted frisks of the participants pursuant to the Rockwell safety guidelines.  Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

75.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering

Defendant conducted frisks of the participants pursuant to the Rockwell safety guidelines. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

76.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant conducted frisks of the participants pursuant to the Rockwell safety guidelines. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

77.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

78.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

79.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

80.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

81.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

82.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

83.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

84.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

85.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

86.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

87.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

88.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

89.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

90.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

91.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

92.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

93.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

94.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

95.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

96.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

97.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

98.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

99.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

100.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

101.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

102.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

103.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

104.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

105.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

106.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

107.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

108.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

109.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant distributed the Rockwell written material at the initial safety briefing in direct contrast to this allegation.  Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

110.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

111.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant was sufficiently qualified and experienced to act as an instructor hired by Rockwell. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

112.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant was sufficiently qualified and experienced to act as an instructor hired by Rockwell. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

113.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

114.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

115.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

116.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

117.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

118.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

## COUNT I – NEGLIGENCE

### Plaintiffs Darin McMahon v. Defendant Jared Ross

119.     Answering Defendant incorporates paragraphs 1 – 118 of its Answer to Plaintiffs' Second Amended Complaint as if fully set forth herein.

120.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

121.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

122.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

123.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

124.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

125.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

126(a) – (d).    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint, including each and every subpart, are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

127.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant was sufficiently trained and experienced.  Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

128(a) – (p).  Denied.  The averments contained in this paragraph of Plaintiffs' Complaint, including each and every subpart, are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

129.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

130.   Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering

Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

131.   Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

132.   Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT II – NEGLIGENCE
### Plaintiffs Darin McMahon v. Defendant Rockwell Tactical Group, LLC

133.   Answering Defendant incorporates paragraphs 1 – 132 of its Answer to Plaintiffs' Amended Complaint as if fully set forth herein.

134.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

135.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

136.    Denied.  This allegation is attempting to characterize the statement of a co-defendant.

137.    Denied.  Answering Defendant received such training but never made any of the other admissions in this allegation.  Therefore, the are specifically denied and strict proof thereof is demanded at the time of trial.

138(a) – (d).    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint, including each and every sub paragraph, are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

139.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant was sufficiently trained, qualified and experienced.  Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

140.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

141.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

142.　　Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT III – NEGLIGENCE
### Plaintiffs Darin McMahon v. Defendant, Brandon Kehr

143.　　Answering Defendant incorporates paragraphs 1 – 142 of its Answer to Plaintiffs Second Amended Complaint as if fully set forth herein.

144.　　Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without

knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

145.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

146.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

147.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

148.    (a) – (d).    Denied.  The averments contained in this paragraph of Plaintiffs'

Complaint, including each and every subparagraph, are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

149.    Denied. The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant was sufficiently qualified, trained and experienced. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

150.    Denied. The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without

knowledge or information sufficient to form a belief as to the truth of these allegations.

Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

151.    (a) – (n).    Denied.  The averments contained in this paragraph of Plaintiffs'

Complaint, including each and every subpart, are directed to parties other than Answering

Defendant and are therefore denied.  To the extent a response is required, including the subparts,

the allegations are conclusions of law to which no further response is required and they are,

therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these

allegations are not deemed conclusions of law, including the subparts, they are specifically

denied by Answering Defendant, as Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied

and strict proof thereof is demanded at the time of trial.

152.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law they are specifically denied by Answering Defendant, as Answering

Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of

trial.

153.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law they are specifically denied by Answering Defendant, as Answering

Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

154.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT IV – NEGLIGENCE
### Plaintiffs Darin McMahon v. Threat Assessment and Tactical Solutions Group, LLC

155.     Answering Defendant incorporates paragraphs 1 – 154 of its Answer to Plaintiffs' Second Amended Complaint as if fully set forth herein.

156.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

157.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

158.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

159.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

160.     (a) – (d).     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint, including each and every subparagraph, are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

161.    Denied. The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant was sufficiently qualified, trained and experienced. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

162.    Denied. The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

163.    Denied. The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

<u>**COUNT V – NEGLIGENCE**</u>
<u>**Plaintiffs Darin McMahon v. Defendant Cody Saylor**</u>

164.     Answering Defendant incorporates paragraphs 1 – 163 of its Answer to Plaintiffs' Second Amended Complaint as if fully set forth herein.

165.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

166.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

directed to parties other than Answering Defendant and are therefore denied.  To the extent a

response is required, the allegations are conclusions of law to which no further response is

required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

To the extent that these allegations are not deemed conclusions of law, they are specifically

denied by Answering Defendant, as Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied

and strict proof thereof is demanded at the time of trial.

167.       Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

directed to parties other than Answering Defendant and are therefore denied.  To the extent a

response is required, the allegations are conclusions of law to which no further response is

required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

To the extent that these allegations are not deemed conclusions of law, they are specifically

denied by Answering Defendant, as Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied

and strict proof thereof is demanded at the time of trial.

168.       (a) – (k).       Denied.  The averments contained in this paragraph of Plaintiffs

Complaint, including each and every subparagraph, are directed to parties other than Answering

Defendant and are therefore denied.  To the extent a response is required, the allegations are

conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law, including the subparts, they are specifically denied by Answering

Defendant, as Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

169.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

170.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

171.    Denied as to the interpretation of surveillance video purports to show.

172.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically

denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

173.    (a) – (d).    Denied. The averments contained in this paragraph, including each and every subpart, of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations, including the subparts, are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

174.    Denied. The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant was sufficiently qualified, trained and experienced. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

175.    Denied. The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

176.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

177.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

178.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT VI – NEGLIGENCE PER SE
### Plaintiffs Darin McMahon v. Defendant Cody Saylor

179.     Answering Defendant incorporates paragraphs 1 – 178 of its Answer to Plaintiffs Second Amended Complaint as if fully set forth herein.

180.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

181.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

182.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

183.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

184.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

185.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

directed to parties other than Answering Defendant and are therefore denied.  To the extent a

response is required, the allegations are conclusions of law to which no further response is

required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

To the extent that these allegations are not deemed conclusions of law, they are specifically

denied by Answering Defendant, as Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied

and strict proof thereof is demanded at the time of trial.

186.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law they are specifically denied by Answering Defendant. Therefore, the

allegation is denied and strict proof thereof is demanded at the time of trial.

187.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law they are specifically denied by Answering Defendant, as Answering

Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of

trial.

188.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law they are specifically denied by Answering Defendant, as Answering

Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT VII – NEGLIGENCE
### Plaintiffs Darin McMahon v. Defendant Primal Defense Training, LLC

189.    Answering Defendant incorporates paragraphs 1 – 188 of its Answer to Plaintiffs Second Amended Complaint as if fully set forth herein.

190.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

191.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

192.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

193.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

194.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

195.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.

196.      (a) – (d).      Denied.  The averments contained in this paragraph, including each and every subpart, of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations, including the subparts, are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

197.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant was sufficiently qualified, trained and experienced. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

198.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering

Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

199.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

200.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

201.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT VIII – NEGLIGENCE
### Plaintiffs Darin McMahon v. Defendant Nathan Murr

202.     Answering Defendant incorporates paragraphs 1 – 201 of its Answer to Plaintiffs Second Amended Complaint as if fully set forth herein.

203.     Denied.  The allegations in this paragraph are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

204.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

205.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant acted reasonably safe at all relevant times.  Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

206.       (a) – (n).       Denied.  The averments contained in this paragraph, including each and every subpart, of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations, including he subparts, are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant acted reasonably safe at all relevant times and/or is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

207.       Admitted.

208.       Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

209.       Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering

Defendant acted pursuant to Rockwell's safety guidelines and reasonably safe and/or is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

210.      (a) – (d).      Denied.  The averments contained in this paragraph of Plaintiffs Complaint, including each and every subpart, are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations, including the subparts, are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant did not know or intend any of these allegations and/or is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

211.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant did not know of any training or safety irregularity and/or is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

212.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

213.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

214.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.  By way of further response, all averments of agency are specifically denied.

215.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

<u>**COUNT IX – NEGLIGENCE**</u>
<u>**Plaintiffs Darin McMahon v. Defendant Joshua Prince**</u>

216.     Answering Defendant incorporates paragraphs 1 – 215 of its Answer to Plaintiffs Second Amended Complaint as if fully set forth herein.

217.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

218.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

219.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

220.      (a) – (o).      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint, including each and every subparagraph, are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, including the subparts, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

221.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

222.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

223.     Denied, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

224.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

225.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

226.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

227.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

228.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

229.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

230.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

231.     (a) – (d).     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint, including each and every subpart, are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations, including the subparts, are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

232.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

233.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

234.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

235.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

236.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT X – NEGLIGENCE
### Plaintiffs Darin McMahon v. Defendant Prince Law Offices, P.C.

237.     Answering Defendant incorporates paragraphs 1 – 236 of its Answer to Plaintiffs Second Amended Complaint as if fully set forth herein.

238.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

239.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

240.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

241.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically

denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

242.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

243.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

244.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.

245.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not

deemed conclusions of law they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

246.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

247.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

248.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

249.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

250.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

251.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

252.     (a) – (d).     Denied.  The averments contained in this paragraph, including

each and every subpart, of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations, including the subparts, are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

253.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

254.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

**COUNT XI – NEGLIGENCE**
**Plaintiffs Darin McMahon v. Defendant Civil Rights Defense Firm, P.C.**

255.     Answering Defendant incorporates paragraphs 1 – 254 of its Answer to Plaintiffs
Second Amended Complaint as if fully set forth herein.

256.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are
directed to parties other than Answering Defendant and are therefore denied.  To the extent a
response is required, the allegations are conclusions of law to which no further response is
required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.
To the extent that these allegations are not deemed conclusions of law, they are specifically
denied by Answering Defendant, as Answering Defendant is without knowledge or information
sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied
and strict proof thereof is demanded at the time of trial.

257.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are
directed to parties other than Answering Defendant and are therefore denied.  To the extent a
response is required, the allegations are conclusions of law to which no further response is
required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.
To the extent that these allegations are not deemed conclusions of law, they are specifically
denied by Answering Defendant, as Answering Defendant is without knowledge or information
sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied
and strict proof thereof is demanded at the time of trial.

258.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are
directed to parties other than Answering Defendant and are therefore denied.  To the extent a
response is required, the allegations are conclusions of law to which no further response is
required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

259. Denied. The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

260. Denied. The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

261. Denied. The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied. To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

262.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.

263.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

264.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

265.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these

allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

266.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

267.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

268.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

269.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

270.      (a) – (d).      Denied.  The averments contained in this paragraph, including each and every subpart, of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations, including the subparts, are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

271.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

272.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT XII – NEGLIGENCE
### Plaintiffs Darin McMahon v. TKD Properties, LLC

273.      Answering Defendant incorporates paragraphs 1 – 272 of its Answer to Plaintiffs' Second Amended Complaint as if fully set forth herein.

274.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

275.      (a) – (n).      Denied.  The averments contained in this paragraph, including each and every subpart, of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations, including the subparts, are conclusions of law to which no further response is required and they

are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

276.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

277.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

278.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is

required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

279.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are directed to parties other than Answering Defendant and are therefore denied.  To the extent a response is required, the allegations are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

280.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

281.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

282.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

283.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

284.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

285.     (a) – (d).     Denied.  The averments contained in this paragraph of Plaintiffs

Complaint, including each and every subpart, are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations, including the subparts, are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

286.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

287.      Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

288.      (a) – (d).      Denied.  The averments contained in this paragraph, including

each and every subpart, of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations, including the subparts, are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

289.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT XIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiffs Sean McMahon v. All Defendants

290.    Answering Defendant incorporates paragraphs 1 – 289 of its Answer to Plaintiffs' Second Amended Complaint as if fully set forth herein.

291.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering

Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

292.     Admitted.

293.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

294.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

295.     Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT XIV – LOSS OF CONSORTIUM
### Plaintiffs Tiffany McMahon v. All Defendants

296.    Answering Defendant incorporates paragraphs 1 – 295 of its Answer to Plaintiffs' Second Amended Complaint as if fully set forth herein.

297.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

298.    Denied.  The averments contained in this paragraph of Plaintiffs' Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied by Answering Defendant, as Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations. Therefore, the allegation is denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendant, Nathan Murr, demands judgment in his favor and against all parties, along with such other relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.    Defendant hereby incorporates by reference their denials, admissions and responses Plaintiffs' Second Amended Complaint as though fully set forth at length herein.

2.    Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted against Answering Defendant.

3.    If an accident occurred in the manner alleged by the Plaintiffs then such accident occurred as a result of the negligence of the Plaintiffs and under the terms of the Comparative Negligence Act of 1976, 42 Pa. C.S.A. 7102 et seq., the Plaintiffs are not entitled to recover from Defendants or the recovery is to be reduced in accordance with the terms of the aforesaid Act.

4.    If it is judicially determined that the Plaintiffs suffered any injuries and/or damages as a result of the accident as alleged in Plaintiffs' Second Amended Complaint, then such damages were proximately caused by the negligence of Plaintiffs and/or a third party entity, not Defendants.

5.    If the Plaintiffs suffered any injuries/damages as alleged, they were caused solely and primarily by Plaintiffs' and/or a third party's carelessness, negligence and/or contributory negligence.

6.    By the actions at the date, time and place stated in the Plaintiffs' Second Amended Complaint, the Plaintiffs did knowingly assume the risk of any and all injuries or damages which he alleges to have suffered.

7.    If Defendants were negligent in any respect as alleged in Plaintiffs' Complaint, all allegations being specifically denied, then Answering Defendants' negligence was passive and the damages sustained by the Plaintiffs was the result of an intervening negligent act or a third

person or persons over whom Defendants had no control, right of control or responsibility, which was a superseding cause of the damages, and therefore, Defendants are not liable.

8.      It is denied by the Defendant that any person or persons unidentified in Plaintiffs' Second Amended Complaint were agents, servants, workmen and/or employees until said person or persons are identified and Defendants are given an opportunity to admit or deny agency.

9.      At all times material hereto, Defendant acted reasonably in the performance of any alleged common law obligations.

10.     Defendant did not breach a duty to Plaintiffs.

11.     Defendant did not act in a negligent and/or careless manner at any time material to the instant lawsuit.

12.     Defendants interplead any and all defenses available to it under all statutes and regulations of the Commonwealth of Pennsylvania and the United States.

13.     Plaintiffs' claims are barred by Plaintiffs' comparative and/or contributory negligence.

14.     Plaintiffs' damages, if any, should be reduced as a result of Plaintiffs' comparative and/or contributory negligence.

15.     Plaintiffs' claims may be barred by the applicable statute of limitations.

16.     Plaintiffs' claims may be barred by accord and satisfaction.

17.     Plaintiffs' claims are barred by release.

18.     Plaintiffs agreed to waive these claims and hold harmless Answering Defendant from these claims.

19.     Plaintiffs voluntarily and knowingly waived any and all rights to a cause of action against Answering Defendant and therefore this cause of action is legally deficient.

20.     Answering Defendant was an employee of Defendant, Rockwell Tactical Group, at all relevant times and Rockwell is therefore vicariously liable for any purported, and/or alleged, and/or apportioned, and or adjudicated negligence and/or tort causing conduct of Answering Defendant.

21.     Plaintiffs' claims for relief are barred and/or limited by facts and defenses which will become evident during discovery, and Defendants specifically reserve their right to amend their Affirmative Defenses at a later date to reflect said defenses.

### CROSSCLAIM AGAINST DEFENDANTS, ROCKWELL TACTICAL GROUP, LLC, JARED ROSS, THREAT ASSESSMENT AND TACTICAL SOLUTIONS GROUP, LLC, BRANDON KEHR, CODY SAYLOR, PRIMAL DEFENSE TRAINING, LLC, JOSHUA PRINCE, PRINCE LAW OFFICES, P.C., CIVIL RIGHTS DEFENSE FIRM AND TKD PROPERTIES, LLC

1.     Answering Defendant incorporates by reference its answers and defenses submitted above as if same were set forth fully herein.

2.     Plaintiffs' damages are not the result of any damage or inaction of Answering Defendant, but the actions or inactions of others over whom Answering Defendant neither had the right or ability to control.

3.     While Answering Defendant denies any liability, if Plaintiffs' allegations are proven true at trial, then Answering Defendant alleges that Defendants, Rockwell Tactical Group, LLC, Jared Ross, Threat Assessment and Tactical Solutions Group, LLC. Brandon Kehr, Cody Saylor, Primal Defense Training, LLC, Joshua Prince, Prince Law Offices, P.C., Civil Rights Defense Firm and TKD Properties, LLC are alone liable to Plaintiffs or in the alternative, are liable over to Answering Defendant, or liable with Answering Defendant for contribution and/or indemnity, including without limitation, the reimbursement of all costs, counsel fees and

expenses incurred by Answering Defendant, in the defense of all claims asserted in this action, any liability on the part of Answering Defendant being expressly denied.

      **WHEREFORE**, Defendants demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

                **ZARWIN, BAUM, DeVITO, KAPLAN,**
                **SCHAER & TODDY, P.C.**

By: *Christopher G. Mavros*
           CHRISTOPHER G. MAVROS, ESQUIRE
           *Attorney for Defendant,*
           *Nathan Murr*
           2005 Market Street, 16th Floor
           Philadelphia, PA 19103
           (215) 569-2800
           Cgmavros@zarwin.com

Date: 2/15/2021

## **<u>VERIFICATION</u>**

I, Nathan Murr, hereby state that I am the Defendant in the within matter, and that the statements set forth in the foregoing Answer to Plaintiff's Second Amended Complaint are true and correct to the best of my knowledge, information and belief. I have relied upon the professional advice of counsel, and the language in this document is that of counsel.

I understand that the statements set forth herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

_____
NATHAN MURR

Dated:  15 FEBRUARY 2021

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

DARIN AND TIFFANY MCMAHON, H/W
and SEAN MCMAHON

                              Plaintiffs

              v.

ROCKWELL TACTICAL GROUP, LLC,
THREAT ASSESSMENT AND TACTICAL
SOLUTIONS GROUP, LLC, JAROD ROSS,
BRANDON KEHR, CODY SAYLOR,
PRIMAL DEFENSE TRAINING, LLC,
NATHAN MURR, JOSHUA PRINCE,
PRINCE LAW OFFICES, P.C., CIVIL RIGHTS
DEFENSE FIRM, P.C., and TKD
PROPERTIES, LLC

                              Defendants

**CIVIL ACTION
NO.  5:19-CV-05292-JFL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant, Nathan Murr's, *Reply to the Answer to Plaintiffs' Second Amended Complaint* has been duly served upon the following via the court's electronic filing system on the date indicated below:

Cecil J. Jones, Esquire
Daniel F. Donnelly, Esquire
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
One Penn Center
1617 John F. Kennedy Blvd, Suite 1010
Philadelphia, PA 19102
***Attorney for Joshua Prince, Prince Law Offices,
P.C., Civil Rights Defense Firm, P.C.***

Cary B. McClain, Esquire
Robert M. Abernethy, Esquire
The McClain Firm
901 Stony Lane
Gladwyne, PA 19035
***Attorney for Plaintiffs***

Sean V. Kemether, Esquire
Law Offices of Lester G. Weinraub
660 W. Germantown Pike, Suite 100
Plymouth Meeting, PA 19462
***Attorney for TKD Properties, LLC***

Lawrence D. Wright, Esquire
Russell S. Massey, Esquire
Sheila E. O'Donnell, Esquire
Wright & O'Donnell, P.C.
725 Skippack Pike, Suite 230
Blue Bell, PA 19422
***Attorney for Primal Defense Training, LLC***

Anthony M. Pisciotti, Esquire
Clifford M. Laney, Esquire
Pisciotti Malsch Buckley
30 Columbia Turnpike
Florham Park, NJ 07932
***Attorney for Threat Assessment and Tactical
Solutions Group, LLC, Brandon Kehr***

Charles Edward Browne, Esquire
Nickolaus & Hohenadel, LLP
627 North Fourth Street PO Box 902
Reading, PA 19603
***Attorney for Cody Saylor, Primal Defense
Training, LLC***

Michael J. Aliverini, Esquire
Christopher J. Sulock, Esquire
One Logan Square
130 N. 18th Street, 26th Floor
Philadelphia, PA 19103
***Attorney for Defendants, Jared Ross and
Rockwell Tactical Group, LLC***

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**

By: */s/ Christopher G. Mavros*
      CHRISTOPHER G.MAVROS, ESQUIRE
      *Attorney for Defendant,*
      *Nathan Murr*
      2005 Market Street, 16th Floor,
      Philadelphia, PA 19103
      (215) 569-2800
      cgmavros@zarwin.com

Date:   2/15/2021